Bradley L. Middleton, OSB #893114
BRADLEY L. MIDDLETON, P.C.
bradleymiddletonpc@gmail.com
6950 SW Hampton, Suite 250
Tigard, Oregon  97223
(503) 968-7487
(503) 968-6766 (Fax)
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### Portland Division

| | | |
|---|---|---|
| MASONRY INDUSTRY TRUST ADMINISTRATION, INC., an Oregon corporation, | ) ) ) | Case No. |
| Plaintiff, | ) ) ) | COMPLAINT (ERISA and LMRA Actions) |
| v. | ) ) ) | |
| LEPROWSE CONSTRUCTION, INC., a Montana corporation, | ) ) ) | |
| Defendant. | ) | |

## I. PARTIES

1.

Plaintiff, Masonry Industry Trust Administration, Inc., is an Oregon corporation

authorized to do business in the State of Oregon, and is the administrative agent for the Cement

Masons-Employers Trust Funds (hereinafter referred to as the "Funds").  The Funds accept and

administer contributions from employers to cover Health & Welfare, Pension, Vacation,

Apprenticeship & Training, and other related needs of employees and employers within the

purpose of the applicable Agreements governing the various Funds.  The Funds are comprised of

the Cement Masons-Employers Pension Trust Fund, the Cement Masons-Employers Health and

Welfare and Vacation Trust Fund, the Oregon-Washington Cement Masons-Employers

PAGE 1 - COMPLAINT (ERISA and LMRA Action)

Apprenticeship & Training Trust Fund, and other funds serving the needs of the applicable employers and employees.  Plaintiff is authorized to bring this action on behalf of each of the respective Funds.  The Funds are in part joint labor-management Trust Funds created pursuant to Section 302(c) of the Labor Management Relations Act (LMRA), 29 USC Section 186(c), and are governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 USC Section 1001, et seq., as amended.

2.

Defendant LeProwse Construction, Inc., is a Montana corporation, and was at all material times an entity doing business within the State of Montana.  Defendant is a corporation who signed the below described written agreement.

II.  JURISDICTION AND VENUE

3.

Jurisdiction is conferred on this Court by 29 U.S.C. § 1132(e) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 185(c) of the Labor Management Relations Act of 1947, as amended (hereinafter "LMRA"), and by the Agreements.

4.

Venue of this action is properly laid in the U.S. District Court for the District of Oregon. Plaintiff is the administrator for several employee benefit plans within the meaning of 29 U.S.C. § 1001 et seq, as set forth herein, and is administered in Multnomah County, Oregon.

III.  CLAIM FOR RELIEF

5.

Defendant entered into a written agreement with the applicable Local Unions of the Operative Plasterers and Cement Masons International Association.

/ / /

/ / /

PAGE 2 - COMPLAINT (ERISA and LMRA Action)

6.

By entering into the written agreement referenced in Paragraph 5 above, Defendant further agreed to adopt and be bound by all of the terms and conditions of the Cement Masons-Employers Trust Agreement dated February 1, 1957, establishing the Cement Masons-Employers Health & Welfare and Vacation Trust Fund; the Trust Agreement dated February 1, 1962, establishing the Cement Masons-Employers Pension Trust Fund; the Trust Agreement dated February 1, 1967, establishing the Oregon-Washington Cement Masons-Employers Apprenticeship & Training Trust Fund; and any other Funds specified by the written agreement, together with all amendments, modifications, extensions, supplementation, renewals, or restatements of those Agreements (collectively referred to as the "Agreements").

7.

At all material times, Defendant was obligated to make contributions pursuant to the terms and conditions as set forth in the applicable collective bargaining agreement, and the applicable Agreements referenced above for all employees covered under the Agreements, or were otherwise obligated to make such contributions.

8.

ERISA and the Agreements to which the Defendant is bound further provide that the failure to submit the required remittance reports or to pay contributions due in a timely manner subjects the delinquent Defendant to delinquency charges in the form of liquidated damages (10%) on all delinquent contributions and interest at the contractual rate of 18% (18% per annum from the due date of the contributions), as well as reasonable audit fees.

9.

ERISA and the Agreements to which the Defendant is bound provide for the imposition of attorney fees in the event of a suit, and Plaintiff is entitled to be awarded reasonable attorney fees herein.

/ / /

PAGE 3 - COMPLAINT (ERISA and LMRA Action)

10.

Defendant has not paid contributions in full for certain months in a final amount to be determined, plus interest, liquidated damages, and Defendant has not timely paid contributions in the past, and therefore there is also unpaid interest and liquidated damages owing in a final amount to be determined.

WHEREFORE, Plaintiff prays for Judgment as follows:

1.      For Judgment in favor of Plaintiff and against Defendant for contributions, for liquidated damages, and interest at a rate of 18 percent per annum, in an amount to be determined at trial.

2.      For Judgment in favor of Plaintiff and against Defendant for Plaintiff's reasonable attorney fees and costs and disbursements, including reasonable audit fees herein incurred.

3.      For such further relief as the Court deems just and equitable.

DATED this 15th day of August 2017.

Respectfully submitted,

BRADLEY L. MIDDLETON, P.C.

/s/ Bradley L. Middleton
Bradley L. Middleton, OSB #893114
(503) 968-7487
(503) 968-6766 (Fax)
bradleymiddletonpc@gmail.com
Of Attorneys for Plaintiff

cmt\leprowse\pleadings\complaint.8.2017

PAGE 4 - COMPLAINT (ERISA and LMRA Action)

BRADLEY L. MIDDLETON, P.C.
6950 SW Hampton St., Suite 250
Tigard, Oregon  97223
Telephone: (503) 968-7487 / Facsimile: (503) 968-6766
Email: bradleymiddletonpc@gmail.com