IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MASONRY INDUSTRY TRUST ADMINISTRATION, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **LEPROWSE CONSTRUCTION, INC.**, <br><br> Defendant. | Case No. 3:17-cv-1266-SI <br><br> **OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff Masonry Industry Trust Administration, Inc. brings this action against Defendant LeProwse Construction, Inc., alleging that Defendant failed to make contributions as required under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and applicable collective bargaining agreements. Before the Court is Plaintiff's motion for entry of default judgment under Federal Rule of Civil Procedure 55(b). For the following reasons, the Court grants Plaintiff's motion, and will enter a default judgment against Defendant.

**STANDARDS**

Under Federal Rule of Civil Procedure 55(a), the Clerk of the Court is required to enter an order of default if a party against whom affirmative relief is sought fails timely to answer or

otherwise defend an action. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Upon the entry of default, the Court accepts "the well-pleaded factual allegations" of the complaint "as true." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The court, however, does not accept as admitted facts that are not well-pleaded, conclusions of law, or facts relating to the amount of damages. *DIRECTV*, 503 F.3d at 854; *Geddes*, 559 F.2d at 560; *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) ("'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" (quoting *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987))).

After default has been entered against a defendant, a court may enter a default judgment against that defendant. *See* Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011) (noting that a district's court decision whether to enter a default judgment is reviewed for abuse of discretion). In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set out factors to guide a district court's consideration of whether to enter a default judgment. *See DIRECTV* , 503 F.3d at 852 (noting that *Eitel* "set[] out factors to guide district court's determination regarding the appropriateness of granting a default judgment").

The Ninth Circuit in *Eitel* held:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of

> prejudice to the plaintiff, (2) the merits of plaintiff's substantive
> claim, (3) the sufficiency of the complaint, (4) the sum of money at
> stake in the action; (5) the possibility of a dispute concerning
> material facts; (6) whether the default was due to excusable
> neglect, and (7) the strong policy underlying the Federal Rules of
> Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72 (punctuation in original). The "starting point" of the court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id.* at 1472.

## BACKGROUND

Plaintiff is the administrative agent for the Cement Masons-Employers Pension Trust Fund, the Oregon-Washington Cement Masons-Employers Apprenticeship & Training Trust Fund, and the Cement Masons-Employers Health and Welfare and Vacation Trust Fund, the Operative Plasterers and Cement Masons International Association, and the Operative Plasterers and Cement Masons International Association, Local 72 (collectively, the "Funds"). Some of the Funds are qualifying funds under ERISA ("ERISA Funds"). Other Funds were created in part pursuant to § 302(c) of the Labor Management Relations Act ("LMRA") or collective bargaining agreements to which Defendant is bound ("Non-ERISA Funds").

Defendant was bound by applicable collective bargaining agreements and agreements governing the ERISA Funds to pay to Plaintiff (as Funds administrator) contributions on behalf of Defendant's employees who performed covered work. Defendant submitted monthly reports detailing the hours worked by each employee and the amounts owed by Defendant for the hours worked. Defendant did not, however, pay the amounts due. The agreements governing the ERISA Funds contain provisions provide for interest and liquidated damages if contributions are not timely paid. The agreements governing the Non-ERISA Funds provide for interest.

Plaintiff's auditor reviewed the records submitted by Defendant and calculated the amount due in contributions for the ERISA Funds and Non-ERISA Funds from January 1, 2013

PAGE 3 – OPINION AND ORDER

through August 31, 2018, which totaled $108,265.58. The auditor also calculated the interest owed for the Funds through July 20, 2019, which totaled $76,116.58. Finally, the auditor calculated liquidated damages for the ERISA Funds, which totaled $9,015.80. Plaintiff requests a default judgment for these amounts, plus daily interest at $34.82 until paid.

On August 15, 2017, Plaintiff filed the complaint in this case, alleging violations of ERISA, the LMRA, and the collective bargaining agreements. On June 11, 2018, Plaintiff moved for an order of default. The Court issued an Order of Default on June 12, 2018. On July 12, 2019, Plaintiff filed a motion for default judgment. The Court now considers Plaintiff's motion for default judgment.

## DISCUSSION

The Court finds that the factual allegations in the Complaint establish the elements of Plaintiff's claims. The Court also finds that the *Eitel* factors weigh in favor of entering a default judgment. The Court accepts as true that Defendant had an obligation to pay contributions under the Funds. To obtain a default judgment, however, Plaintiff must prove the amount of damages.

Plaintiff submits the declaration of an administrator of the Funds, Trudy Horn. ECF 23. Ms. Horn gives a detailed description of Plaintiff's role with respect to the Funds, employees and employers; the Funds themselves; the requirement that employers pay contributions; and other aspects relating to the Funds, ERISA, and the relevant collective bargaining agreements in general. Relating to damages, Ms. Horn discusses the requirement in the various agreements relating to interest and liquidated damages and states that "Plaintiff s auditor has reviewed the records of Defendant, and I have attached their report as Exhibit 5; which shows the following amounts are owed to Plaintiff . . . ." *Id.* ¶ 16. Ms. Horn does not identify the auditor and Plaintiff does not submit the auditor's declaration explaining how the auditor calculated the amounts due. Exhibit 5 to Ms. Horn's declaration is a worksheet summarizing the unfunded hours and total

PAGE 4 – OPINION AND ORDER

amounts due each year for contributions, interest, and liquidated damages plus the underlying monthly records Defendant had submitted. The Court does not view this summary as a "report" by Plaintiff's auditor.

Although a declaration by the auditor describing how the auditor calculated damages would have been preferable, or a more detailed report, the Court can nonetheless ascertain how Plaintiff calculated damages. Ms. Horn describes the applicable interest rates for the various funds and the applicable method of determining liquidated damages. Even though Ms. Horn is not the person who calculated Plaintiff's damages, the Court presumes that Plaintiff's auditor was also knowledgeable regarding the applicable interest rates and applied the correct rates in making the various calculations. Accordingly, the Court finds that Plaintiff adequately proved damages.

## CONCLUSION

Plaintiffs' motion for default judgment (ECF 20) is GRANTED. For violations from January 1, 2013 to August 31, 2018, Defendant is ordered to pay: (1) $108,265.58 for unpaid contributions; (2) $9,015.80 in liquidated damages; (3) $76,116.58 in interest calculated through July 20, 2019, which continues to accrue at a rate of $34.82 per day until paid; and (4) Plaintiff's reasonable attorney's fees, expenses, and costs. The Court will enter a Supplemental Judgment after Plaintiff has submitted its fee application and the Court has determined the amount due for attorney's fees, expenses, and costs.

**IT IS SO ORDERED**.

DATED this 6th day of September, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge