# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MASONRY INDUSTRY TRUST ADMINISTRATION, INC.**, an Oregon corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>**LEPROWSE CONSTRUCTION, INC.**, a Montana corporation<br><br>        Defendant. | Case No. 3:17-cv-01266-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

The Court reviews the requested attorney's fees award for reasonableness, even though Defendant has not objected to the number of hours billed or the hourly rate applied. *See Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993). The preferred method is calculation of the lodestar figure, the product of the number of hours reasonably spent on the litigation and a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the

number of hours it has requested [is] reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Similarly, the fee applicant has the burden of proving that the requested hourly rate is reasonable. *See Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).

The Trust Agreements and § 502(g)(2)(D) of ERISA provide for payment of attorney's fees and costs by Defendant. *See* Middleton Decl. ¶ 3-4. Plaintiff requests attorney's fees for 11.5 hours of Attorney Bradley Middleton's time. *See id.* at ¶ 5. In support of this request, Attorney Middleton submitted billing records detailing the time spent on each specific task. *See* Middleton Decl, Ex. A. The Court has reviewed the billing invoice and finds that the requested hours are reasonable.

Plaintiff requests an hourly rate of $180 for Attorney Middleton. *See* Middleton Decl. ¶ 6.5. In determining reasonable hourly rates, typically "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Attorney Middleton stated that this rate is below his usual rate, though his affidavit does not state how many years of experience he has, which would also help determine the reasonableness of his hourly rate. However, the 2017 Oregon State Bar Economic Survey ("OSB 2017 Survey") contains data on attorney billing rates based on type of practice, geographic area of practice, and years of practice. The average hourly rate across all of Oregon is $286 per hour, and the average in Portland is $324 per hour. Attorney Middleton's requested hourly rate of $180 is below both these means. Although the Court would have preferred more detailed information on Attorney Middleton's background and rate determinations in other cases,

it finds that the hourly rate is reasonable based on the OSB 2017 Survey. *See Webb v. Ada Cty., Idaho*, 195 F.3d 524, 526 (9th Cir. 1999) (noting that the Court has "considerable discretion" in assessing the reasonableness of a fee award).

Finally, Plaintiff seeks $12,903.75 in audit fees to which it is entitled under the Trust Agreement and $400 in costs for Plaintiff's filing fee. Though the Court would have preferred for Plaintiff to submit documentation of these costs, particularly the audit fees, the Court is satisfied by Attorney Middleton's sworn declaration affirming these costs. The Court finds that these costs are reasonable.

Plaintiffs' motion for attorney fees and costs (ECF 26) is GRANTED. Defendant is ordered to pay $2,070.00 in attorney's fees, $12,903.75 in audit fees, and $400.00 in costs.

**IT IS SO ORDERED.**

DATED this 17th day of October, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge